MITCHELL
v.
SERAFIN INCLAN, Inc.
No. 8007.

United States District Court
D. Puerto Rico.
San Juan Division.
Dec. 31, 1953.

Kenneth P. Montgomery, Regional Atty., Santurce, Puerto Rico, Francisco A. Gil, Jr., Atty., Santurce, Puerto Rico, for plaintiff.

Brown, Newsom & Cordova, San Juan, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

This action has been submitted to the Court for decision under the terms of a certain stipulation entered into by the parties and filed on September 4, 1953, and the contents of another stipulation filed on November 18, 1953, as well as on an affidavit of Serafin Inclan dated September 18, 1953 attached to defendant's brief filed on September 21, 1953, and the whole record of the case.

As per the aforesaid stipulation of September 4, 1953 defendant has consented to a judgment permanently enjoining it from future violations of Sections 6, 7, 11(c), and 15(a) (2) of the Fair Labor Standards Act, as amended, 29 U.S.C.A. §§ 206, 207, 211(c) and 215(a) (2), and the issue has, thus, been exclusively limited to the determination of whether, under the facts as stipulated therein as well as in the other stipula-

tion of November 17, 1953, and in view of the contents of Mr. Inclan's said affidavit of September 18, 1953, plaintiff is entitled or not to his further request that defendant be enjoined from future violations of Section 15(a) (1) of the Act, 29 U.S.C.A. § 215(a) (1).

Upon due consideration of the aforesaid stipulations and affidavit, as well as the whole record of the case, the briefs of counsel and the authorities on which they rely, the Court fails to find adequate grounds for granting plaintiff's request.

■ In Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 420, 65 S.Ct. 1242, 1243, 89 L.Ed. 1705, the Court in an opinion voiced by Justice Murphy said:

"The District Court found that even though the former piece rate agreements be considered unlawful the respondent had no apparent intention of resuming their use. It also found no willful intention on the part of the respondent to violate the Act and no evidence of any intention of future violations. It therefore felt that there was no necessity for an injunction. While 'voluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power,' Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 43, 65 S.Ct. 11, 14 [89 L.Ed. 29], it may justify a court's refusal to enjoin future activity of this nature when it is combined with a bona fide intention to comply with the law and not to resume the wrongful acts. Cf. United States v. United States Steel Corp., 251 U.S. 417, 445, 40 S.Ct. 293, 297, 64 L.Ed. 343. We cannot say, therefore, that the District Court abused its discretion in refusing to enjoin the abandoned method of wage payments."

In view of the above holding, and had not defendant consented to a permanent injunction restraining future violations of other sections of the act, this court would not have abused its discretion if, under the facts and circumstances involved in this case, it had refused to enjoin defendant at all from any future violations of any of the various sections of the act here in question.

Defendant, however, has consented to most of what plaintiff is requesting.

■ The permanent injunction to which it has consented gives plaintiff sufficiently ample protection by putting him in a position summarily to stop any future violations by defendant of the vital sections of the act reached by the consented injunction.

Violations of Section 15(a) (1) of the Act, 29 U.S.C.A. § 215(a) (1), would be inexistent if previous sections thereof, such as 6, 7, and 11, 29 U.S.C.A. §§ 206, 207 and 211, were not found to have been violated. Thus, by enjoining future violations of these sections, as consented to by defendant, plaintiff is accorded all that he needs for the future enforcement of the act against defendant.

Defendant can not be found to have violated Section 15(a) (1) in the future unless it is previously found to have violated the other Sections covered by the injunction consented to by it. If it violates any of these Sections in the future, contempt proceedings can be brought against it, and, as a sequel, shipment and transportation of the tobacco involved in said violations could be then restrained, either through a temporary restraining order or through an amendment of the permanent injunction decree promptly sought by plaintiff.

Plaintiff would not be in a better position if the injunction were now extended to future violations of Section 15(a) (1) because, even if that were the situation, shipment and transportation of the tobacco could not be stopped until contempt proceedings were brought before the court and a prima facie disobedience of the decree shown.

Paragraphs 1 to 11 of the stipulation of September 4, 1953, and paragraphs 1 and 2 of the stipulation of November 17, 1953 as well as the contents of Mr. Inclan's affidavit of September 18, 1953 are

hereby adopted as the court's findings of fact.

In view of said findings of fact and in accordance with the introductory paragraph of the stipulation of September 4, 1953, under which the defendant consents to the entry of an injunctive decree against future violations of Sections 6, 7, 11(c) and 15(a) (2) of the Act, 29 U.S.C.A. §§ 206, 207, 211(c) and 215(a) (2), the court arrives at the following Conclusions of Law:

1. This Court has jurisdiction of this action by virtue of Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 217.

2. Defendant, Serafin Inclan, Inc., is, and at all times hereinafter mentioned was, a corporation organized under, and existing by virtue of the laws of Puerto Rico, having its principal office and place of business in the municipality of Caguas, Puerto Rico, within the jurisdiction of this Court, where it is, and at all times hereinafter mentioned was, engaged in the production, sale and distribution of leaf tobacco in interstate commerce.

3. Defendant repeatedly violated, although later ceased to violate, Sections 6 and 15(a) (2) by paying to many of its employees for their employment in the production of goods for interstate commerce, wages at rates less than 27¢ an hour during the period prior to June 30, 1952, and less than 31¢ an hour since June 30, 1952, the said rates being the minimum wage rates made applicable to defendant and its said employees by the wage orders for the Leaf Tobacco Industry in Puerto Rico heretofore duly promulgated pursuant to Sections 6 and 8 of the Act by the Administrator of the Wage and Hour Division, of the United States Department of Labor, and which after publication in the Federal Register became effective respectively April 1, 1945, and June 30, 1952, and are known as Title 29, Chapter V, Code of Federal Regulations, Part 657.

4. Defendant repeatedly violated, though later ceased to violate, the provisions of Sections 7 and 15(a) (2) of the Act by employing certain of its employees in the production of goods for interstate commerce, as aforesaid, for workweeks longer than 40 hours without compensating these employees for their employment in excess of 40 hours during such workweeks at rates not less than one and one-half times the regular rate at which they are employed.

5. Defendant repeatedly violated, though later ceased to violate, the provisions of Sections 11(c) and 15(a) (5) of the Act in that it has failed to make, keep, and preserve accurate records of the employees and the wages, hours, and other conditions and practices of employment maintained by it as prescribed by Title 29, Chapter V, Part 516 of the Code of Federal Regulations, in that the records kept by defendant fail to show accurately, among other things, the hours worked each work day and each workweek by its employees.

6. Defendant repeatedly violated, though it later ceased to violate, the provisions of Section 15(a) (1) of the Act in that it shipped, delivered, and sold in interstate commerce from its said place of business in Puerto Rico to points outside Puerto Rico goods in the production of which many of its employees were employed in violation of Sections 6 and 7 of the Act as alleged.

Judgment will be entered accordingly.